UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMY HOPE CASTERIOTO,

    Plaintiff,

v.                                  Case No.:   2:23-cv-791-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The Commissioner of Social Security moves to remand this case for further action under 42 U.S.C. § 405(g). (Doc. 15.)[1] Plaintiff Amy Hope Casterioto does not oppose the remand but does contest the Commissioner's request that the Court not order a rehearing before an ALJ upon remand. (Doc. 16.)

The Commissioner seeks remand "to allow the agency to obtain supplement[al] vocational evidence to clarify the effect of all of Plaintiff's limitations that are supported by the record on the occupational base in accordance with Social Security Ruling 00-4p, take any further action needed to complete the administrative record, and issue a new decision." (Doc. 15 at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

1.) But the Court need not order a rehearing before an ALJ, according to the Commissioner, "because this is a Title II case with a remote date last insured (DLI), and Plaintiff testified about her impairments as of her DLI." (Doc. 15 at 2.) The Commissioner further notes that the Appeals Council has discretion to determine what additional administrative proceedings are warranted. (Doc. 15 at 5 (citing the agency's Hearings, Appeals and Litigation Law Manual (HALLEX)).)

The Commissioner moves under sentence four of § 405(g), which states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." As the plain text provides, sentence four grants district courts "the authority and discretion to order a new hearing on remand." *Smith v. Kijakazi*, No. 8:21-CV-2906-TPB-AAS, 2022 WL 3020966, at *2 (M.D. Fla. June 29, 2022).

The Commissioner cites multiple regulations discussing the Appeals Council's capacity to "determine whether a hearing is appropriate" on remand. (Doc. 15 at 5.) It is true "that cases remanded by federal courts return first to the Appeals Council," who "retains the discretion to decide which further administrative proceedings will best comply with the remand order." *Best v. Kijakazi*, No. 1:21CV64, 2022 WL 172872, at *2 (M.D.N.C. Jan. 19, 2022). But

Section 405(g) nonetheless grants courts "the authority to limit the scope of remand to the Commissioner by specifying the actions to be, and not to be, taken by the ALJ." *Shaff v. Comm'r of Soc. Sec.*, No. 6:15-CV-1350-ORL-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016). Thus, the relevant question is whether Casterioto "has made a sufficient showing for this court to require the Appeals Council to remand this matter to an ALJ for a rehearing." *Best*, 2022 WL 172872, at *2.

The Court finds that a rehearing is necessary in this case. On remand, the Appeals Council must "obtain supplement[al] vocational evidence to clarify the effect of all of Plaintiff's limitations that are supported by the record on the occupational base." (Doc. 15 at 1.) This instruction will necessarily elicit further testimony from a vocational examiner, or other relevant evidence, concerning what jobs Casterioto can perform. It is only appropriate to allow Casterioto to challenge this supplemental evidence. *See Springer v. Comm'r of Soc. Sec.*, 451 F. Supp. 3d 744, 768 (E.D. Mich. 2020) (concluding "a remand for rehearing is necessary here for the limited purpose of conducting another Step Five Analysis").

Accordingly, it is **ORDERED**:

1. The Commissioner's Opposed Motion for Entry of Judgment with Reversal and Remand (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**.

3

2. The Commissioner's decision denying benefits is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to conduct a rehearing and to allow the agency to obtain supplemental vocational evidence to clarify the effect of all of Plaintiff's limitations that are supported by the record on the occupational base in accordance with Social Security Ruling 00-4p, take any further action needed to complete the administrative record, and issue a new decision.

3. To the extent the motion seeks any greater or different relief, it is denied.

4. The Clerk is **DIRECTED** to enter judgment, terminate all deadlines, deny all pending motions as moot, and close the file.

**ORDERED** in Fort Myers, Florida on January 23, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record